IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINE RAMOS,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　Civ. No. 97-914 SC\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1.  This matter comes before the Court upon Plaintiff's Motion to Reverse and/or Remand Administrative Decision, filed March 13, 1998.  The Commissioner denied Plaintiff's request for supplemental security income benefits.  Plaintiff alleges a disability due to cancer of the right breast.  She also claims to suffer from a painful right shoulder.

    2.  The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration.  After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application.  The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. **Id**. (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ did not support with substantial evidence his determination that the Plaintiff does not suffer from a severe impairment; and 2) the ALJ erred in finding that the Plaintiff's cancer related impairment did not meet the 12 month duration requirement.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. **Id**. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. **Id**. (citations omitted). Step two of the sequential evaluation process is at issue in this case. At step two, the claimant must show that she has a severe impairment. 20 C.F.R. §416.920.

The most logical approach to the Plaintiff's allegations is to begin by examining the duration issue first.[1] The Plaintiff contends that the ALJ erred by concluding that her cancer related impairment was not disabling for 12 months. The Plaintiff argues that only the impairment must last or be expected to last 12 months, not that the impairment be disabling for 12 months. She also argues that the fact she completed her cancer treatment in less than 12 months "is not conclusive that her impairment could not be expected to last for more than twelve months."

---

[1] If an ALJ determines that a claimant did not meet the initial burden of demonstrating an alleged disability for a continuous 12-month time period, there is no need for the ALJ to apply sequential evaluation process. **See Neal v. Bowen**, 829 F.2d 528, 529 (5th Cir. 1987).

Plaintiff's Memorandum in Support of Plaintiff's Motion to Reverse or Remand Administrative Agency Decision at 10.

Recent Tenth Circuit case law demonstrates that the 12 month duration requirement refers to the presence of an impairment not a disability or inability to work. **See Walker v. Secretary of Health and Human Services**, 943 F.2d 1257, 1260 (10th Cir. 1991); **Kemp v. Bowen**, 816 F.2d 1469 (10th Cir. 1987); **Jozefowicz v. Heckler**, 811 F.2d 1352 (10th Cir. 1987); **Pettyjohn v. Sullivan**, 784 F.Supp. 792, 794 (D.Colo. 1992).  In this case, the ALJ found "that the claimant failed to meet her burden of establishing that she suffered from any **impairment or combination of impairments** that more than minimally limited her ability to perform work-related activities <u>and</u> **which could be expected to last for more than 12 months or result in death.**"  Tr. 18 (bold emphasis added).  The ALJ then went on to state that "the record demonstrates that [the Plaintiff] responded quite well to the [cancer] treatment regime [sic], and had finished the course of treatment in less than twelve months time."  **Id.**

The ALJ's plain language indicates that he is referring to the duration of the Plaintiff's impairment in making his duration finding.  Moreover, the ALJ's reference to the cancer treatment is based upon substantial evidence.  Medical records following the treatment show that the Plaintiff "has recovered from all of the side effects of chemotherapy...."  Tr. 109.  Her treating physician encouraged the Plaintiff to "attempt to find work...."  **Id**.  Other post-treatment medical records state that the Plaintiff "feels less fatigued and is not having problems related to her breast."  Tr. 131.  She "[f]eels fine."  Tr. 122.  The foregoing leads me to conclude that the ALJ did not err when he found that the Plaintiff fails to meet the 12 month duration requirement for the cancer related impairment.  Having come to that conclusion, I find it unnecessary to address

the issue of the severity of the cancer related impairment at step two of the sequential evaluation process.

The Plaintiff also argues that the ALJ erred when he failed to find that her painful right shoulder is a severe impairment. To make a step two showing, the claimant must show that she has an impairment or combination of impairments which are severe enough to limit her ability to do basic work activities. 20 C.F.R. §416.920(c). Basic work activities include, for example, physical functioning; ability to hear, see, and speak; ability to follow simple instructions; use of judgment; appropriate responses to fellow workers, supervisor, and usual work situations; and the ability to deal with changes in routine work. **Id**. at §416.921(b). If the evidence is unclear as to whether the impairment is severe or not, the sequential evaluation process is continued. Soc. Sec. Ruling 85-28.

More than a year prior to the alleged onset of disability, the Plaintiff had an MRI of her right shoulder performed. The MRI showed a "tiny tear in the supraspinatus tendon just above the insertion on the greater tuberosity of the humerus. Small effusion in the subdeltoid and subacromial bursa and in the glenohumeral joint." Tr. 141. The Plaintiff did not subsequently seek care for the shoulder and apparently continued to work until her first breast surgery. **See** Tr. 16, 81. Records by the Plaintiff's cancer physicians note that the Plaintiff "is not having any other significant complaints." Tr. 78. Those records also show that the Plaintiff was not taking any kind of pain medication during that time. Tr. 87, 100, 112. Moreover, the Plaintiff planned to go back to work after she completed her cancer treatment. Tr. 109. She later testified that she did not want to go back to her past work because it involved x-rays. Tr. 34. Post-cancer treatment medical records note that the Plaintiff felt "fine" and had "no problems." Tr. 122, 131. The

above evidence fails to demonstrate a severe right shoulder impairment during the period of claimed disability.  Consequently, I find that substantial evidence supports the ALJ's finding that the Plaintiff does not suffer from a severe right shoulder impairment.

## Recommended Disposition

I recommend denying the Plaintiff's Motion to Reverse and/or Remand Administrative Decision and affirming the Commissioner's decision.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE